GRAHAM CLOTHING COMPANY *v.* KANSAS CITY SOUTHERN RAILWAY COMPANY.

Opinion delivered January 8, 1912.

1. AGENCY—PRINCIPAL BOUND BY AGENT'S ACT WHEN.—In a suit by the plaintiff to recover rent for a building, an instruction to the effect that if the plaintiff had a right to possession of the building and the defendant used said building the jury should find a reasonable usable value of the property was properly modified by adding: "unless the plaintiff's agent led defendant to believe that no rent would be charged." (Page 508.)

2. APPEAL AND ERROR—ABSTRACT INSTRUCTION—WHEN HARMLESS.—Where the undisputed evidence shows that the building for whose rent plaintiff seeks to hold defendant liable was not in defendant's possession, it was not error to instruct the jury that the defendant is not bound by the acts of any person unless such person was acting within the scope of his authority. (Page 509.)

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

STATEMENT BY THE COURT.

On or about the 15th day of August, 1910, the Fair Association and the citizens of Mena, in Polk County, Arkansas, were collecting an exhibit of fruits for that county at the Arkansas State Fair to be held at Hot Springs, Arkansas. The agent of the appellee had told representatives of the Fair Association, or the citizens committee, who were collecting the exhibits, that the appellee would furnish jars if the citizens would furnish the fruit. The citizens, acting in conjunction with the appellee company, were getting up the exhibit, as one witness says, for the benefit of the whole people of the county. It appears that they were looking for a vacant building in the city of Mena where the exhibit could be collected and that could be occupied free of rent. The representatives of the Fair Association or the citizens did not expect to pay any rent while the exhibits were being collected, nor did the appellant

company expect rent for the occupancy of the building for this purpose.

A representative of the Fair Association approached an agent of the appellant who had occupied a certain store house in the city of Mena, which was at that time vacant, for the purpose of securing the building for the object indicated. Appellant's agent informed the agent of the Fair Association that he did not have the key; so the agent of the Fair Association went to the owner of the building, and he said that, so far as he was concerned, he had nothing to do with it, that the building was then in litigation, but that he himself would not make any charges for the occupancy thereof by those who were collecting the fruit exhibits. At that time the appellant, through its agent, disclaimed having any right to the occupancy of the building, but afterwards it was determined that appellant was responsible for the rent of the building for the entire year 1910. Then appellant brought this suit against the appellee for the use and occupancy of the building for the period of two months, or during the time the fruit exhibit was being collected therein.

There was testimony on behalf of the appellant tending to show that during this time the agent of the appellee had a desk in the building where the fruits were being collected and stored, and that he possibly transacted some business during the time for appellee.

The rent of the building during the time it was so occupied was shown to be worth $120. It was shown on behalf of appellee that its agents were at that time working for the Mena Land & Improvement Company as well as the Railway Company.

The general agent of the appellee testified that he was manager for the Mena Land & Improvement Company; that his office when he first went to Mena as general agent of the appellee was upstairs over the Davis drug store; that while he was absent from Mena the exhibits that had been collected by the Fair Association, and that were stored in his office, were moved down to the building in controversy. He had nothing whatever to do with their moving. He remained in the building after they moved for about two months, but he continued to pay rent for the office that he had occupied.

He never received any notice from the appellant or its agent that appellee would be expected to pay rent for the building where the fruit exhibit was stored and where his desk had been moved. He had the keys of the building, which he got from the Davis drug store. While he was down there, he had very little business for the appellee company; 95 per cent. of his business was for the Mena Land & Improvement Company, whom he also represented as manager, and who paid 90 per cent. of the rent of his office upstairs during the time.

Other witnesses testified on behalf of appellee, that the general agent of the appellee had nothing whatever to do with the placing of the exhibits in the building; that these exhibits were moved while the general agent of appellee was absent. It was shown also that the party who conducted the negotiations on behalf of the Fair Association for the use of the building was an officer of that Association. He didn't in any manner represent the appellee. It was shown on behalf of the appellee that there was no agreement on its part to pay Doctor Davis, the owner of the building, or the appellant, who had leased the same, any rents during the time it was occupied as indicated.

The appellant asked the court to instruct the jury as follows: "You are instructed to return a verdict for the plaintiff in such sum as you find from the evidence is the reasonable usable value of the property for the time so occupied by it."

The court refused the prayer, to which ruling of the court the appellant saved exceptions. Appellant also requested the following:

"If you believe from a preponderance of the evidence that the plaintiff, Graham Clothing Company had a right to the possession of the property in question, and that the defendant, the Kansas City Southern Railway Company, by its agents and employees, used and occupied said property, you will find for the plaintiff a reasonable usable value of said property for the time so occupied by it."

The court granted the prayer after modifying it by adding the following: "Unless you find by the acts and conduct, or acts or conduct, of the agent of the plaintiff, Graham Clothing Company, it led the defendant and its employees to believe that no rent would be charged or collected for the use and occupancy of said building."

The appellant excepted to the ruling of the court in refusing its prayer as asked, and in giving the prayer as modified. The court gave the following instruction at the request of appellee: "2. The court instructs the jury that the defendant, the Kansas City Southern Railway Company, is not bound by the acts of any person unless such person were acting within the scope of their authority. Unless G. B. Wood had power and authority to occupy the premises for the use of which this suit is brought, then the jury must find for the defendant." The verdict and judgment were in favor of the appellee. Appellant duly prosecutes this appeal.

*Elmer J. Lundy,* for appellant.

1. The theory of the defense was, not that appellant had no right to the possession of the building, but that it had estopped itself to demand rent. Since appellee claimed to hold under appellant, testimony introduced by it tending to question appellant's title or right to recover for use and occupation was incompetent and improperly admitted. 31 Ark. 470; 15 Ark. 102; 39 Ark. 135; 43 Ark. 28; 1 Tiffany on Landlord & Tenant, 433, 434; *Id.* 445, 446; 84 Ark. 220.

2. The court erred in refusing to instruct the jury to the effect that appellant could recover for the reasonable usable value of the property for the time occupied by appellee. Kirby's Digest, § 4700; 23 Am. Dec. 404, 406; 4 *Id.* 512; *Id.* 549; *Id.* 208, 209; 16 *Id.* 249; 64 Ark. 240; 7 Ark. 305; 25 Ark. 134; 7 Ala. 718; 27 Ark. 55; 64 Am. Dec. 104; 2 Ark. 575.

3. The modification of the second instruction requested by appellant is based upon estoppel, and is erroneous because there was no evidence that appellee was led to believe that no rent would be charged, and it does not correctly state the law of estoppel. 16 Cyc. 723, 724; 49 Ark. 218; 54 Ark. 499; 40 N. E. 162, 44 N. E. 321; 54 Ark. 465; 82 Ark. 367; 164 Mass. 315, 42 N. E. 95; 155 Mass. 130, 29 N. E. 203; 167 Mass. 315, 45 N. E. 923; 177 Mass. 516, 51 N. E. 9; 16 Cyc. 732, 733; 11 Am. & Eng. Enc. of L. 436; *Id.* 439; 95 N. E. 435; 25 Ind. App. 71, 84; 55 N. E. 35; 127 Ind. 83, 89; 26 N. E 565; 22 Ind. App. 633, 637; 52 N. E. 746; 54 N. E. 414.

*Read & McDonough,* for appellee.

1. The instructions given by the court for appellant was more favorable, under the proof, to the appellant than the

law warranted. There is a total failure of proof to show that appellee occupied the premises.

2. Appellant will not be permitted to take inconsistent positions. It can not claim that it had nothing to do with the building and afterwards say that it was occupied by its consent.

3. Appellee made no claim to holding the premises under the Graham Clothing Company, and the record does not bear out appellant's contention. While there is some testimony to show that Thornton knew the Fair Association was occupying the building and under an implied promise not to pay, there is no testimony whatever that appellee occupied the premises at all. Authorities cited by appellant to the effect that the tenant can not dispute his landlord's title are not applicable.

4. The facts, viewed in the most favorable light for appellant, only go to show that the Fair Association occupied the building subject to being evicted at the will of Doctor Davis or the appellant. The Fair Association therefore did not "hold" the premises, within the meaning of Kirby's Digest, § 4700. See Words & Phrases, 3272, and cases cited.

An action for use and occupation lies only in favor of a landlord against his tenant. Appellant positively refused to have anything to do with the building, and therefore made it impossible for the relation of landlord and tenant to exist. 49 Ark. 503; 50 Vt. 296; 2 Taylor on Landlord & Tenant, § 636; 2 Wood's Landlord & Tenant, 1329; Jones on Landlord & Tenant, § § 651, 654, 655; 3 Atl. 508; 38 Ark. 112; 44 Ark. 444; 93 Ark. 215.

WOOD, J., (after stating the facts). The court did not err in modifying the prayer for instruction of which appellant complains, and in giving the same as modified. The conduct of the agent of the appellant, as shown by the evidence, warranted the court in submitting to the jury the question as to whether or not the appellant led the appellee and its employees to believe that no rent would be charged or collected from appellee for the use and occupancy of the building during the time that the fruit exhibit was stored there.

When the agent of the appellant was approached to see if the building could be obtained, he disclaimed having any thing to do with it, and referred the agent of appellant to the

brother of the owner of the building, who, he stated, had the key. He made no demand for rents, and did not in any manner indicate that his company, appellant, would expect the Fair Association or any one else to pay rent during the time that this fruit exhibit was being collected and displayed. At that time the appellant company was itself denying that it was in any way responsible for the rent of the building. This being true, it could not be at the same time consistently claiming that some one else was indebted to it for the use and occupancy of the building. This conduct on the part of the agent of the appellant was sufficient of itself to induce those who were attempting to get the use of the building to believe that no rent charge would be made, at least on the part of the appellant.

The court did not err in giving instruction No. 2. This instruction was really more favorable to appellant than the testimony warranted. The purport of the testimony of the general agent of the appellee was to the effect that at least 90 or 95 per cent. of the business that he transacted while he was occupying the building in controversy, was for the Mena Land and Improvement Company, and not for the appellee. The small per cent. of business transacted there on behalf of appellee might be well considered as merely incidental, and certainly not sufficient to warrant the conclusion that appellee was the sole occupant, or indeed the main occupant, of the premises during the time for which appellant seeks to recover rent.

The instruction was abstract in submitting to the jury to determine whether "G. B. Wood, the general agent of appellee at Mena, had power and authority to occupy the premises for the use of which this suit is brought." But of this appellant has no right to complain. As we view the testimony, the undisputed evidence shows that the building during this time was not taken possession of by G. B. Wood as agent of appellee at all; but, on the contrary, the possession of the building was procured during his absence from Mena, and same was brought about through the instrumentality of representatives of the Fair Association or the citizens of Mena who were making a collection of fruits. The building was procured and possession taken by those who were not representing appellee at all, and, so far as the record discloses, were not authorized in any manner to represent the appellee in taking possession of and occupying

the building for the purpose of gathering this fruit display.

It is doubtful under the evidence as to whether any one would be responsible to appellant for the use and occupancy of the building during the time for which it seeks to recover rent in this case; but certainly, if any one would be liable for such rents, under the undisputed evidence in this case it is not the appellee, and the verdict of the jury was correct in so finding.

We find no errors in the rulings of the court in the admission or rejection of testimony prejudicial to appellant. The judgment upon the whole case is correct, and is therefore affirmed.